**DEFAULT O/E JAD**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Bankruptcy No. 14-70770-JAD |
| **Daniel R. Mabon,** | : | |
| | : | Chapter No. 13 |
| Debtor | : | |
| _____ | : | |
| **Paul W. McElrath, Esquire /** | : | Related to Docket No. 62 |
| **McElrath Legal Holdings, LLC,** | : | |
| Applicant | : | |
| vs. | : | Hearing Date and Time: |
| | : | March 9, 2018 at 10:00 AM |
| **Ronda J. Winnecour, Esquire,** | : | |
| **Chapter 13 Trustee,** | : | |
| Respondent | : | |

## ORDER

This matter is before the Court upon the *Application for Compensation* [Docket No. 62] (the "Application") filed by Paul W. McElrath, Esquire of McElrath Legal Holdings, LLC. Upon review of the *Application* and finding that no timely responses or objections were filed, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that:

1. The *Application* is granted in the amount of $5,315.00 for fees and expenses incurred during the period of October 25, 2014 through February 6, 2018 (inclusive of projected time to close the case), consisting of fees in the amount of $4,815.00, and expenses in the amount of $500.00.

2. The Debtors previously paid counsel an expense retainer of $500 from which out-of-pocket expenses could be paid during the case. The residual balance of the expense retainer is $0.00.

3. Previously, counsel was paid the "no look" fee of $4,000 for services rendered in the case. A portion of the "no look" fee was paid by the Debtor as a prepetition retainer in the amount of $1,000, while the remaining balance of $3,000 is to be paid by the chapter 13 trustee through the Debtors' confirmed plan.

4. Additional legal fees in excess of the "no look" fee for compensation remain due and owing to McElrath Legal Holdings, LLC in the amount of $815.00. The remaining balance shall be paid as follows:

   a. Fees in the amount of $750 shall be paid by the chapter 13 trustee to the extent such fees are provided for in the Debtors' confirmed chapter 13 plan;

   b. Fees in the amount of $65.00 are voluntarily waived and/or deferred by the Applicant pursuant to the statements made in the *Application*.

5. The additional fees authorized by this *Order* may be paid through the Debtors' chapter 13 plan provided that the Debtors amend their plan within 14 days of the date of this *Order* to increase the plan payment by an amount sufficient to provide for the increased fees. The fees shall be paid from the Debtors' resources without decreasing the percentage or amount to be paid to other creditors through the plan.

BY THE COURT:

DATE: 2/27/2018

_____ sjk
Jeffery A. Deller,
Chief Bankruptcy Judge

FILED
2/27/18 12:09 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

United States Bankruptcy Court
Western District of Pennsylvania

In re:  
Daniel R. Mabon  
      Debtor

Case No. 14-70770-JAD  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0315-7     User: amaz     Page 1 of 1     Date Rcvd: Feb 27, 2018  
                         Form ID: pdf900     Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 01, 2018.  
db           +Daniel R. Mabon,    5665 Route 119 Highway North,    Home, PA 15747-9106

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                                                                                                                             TOTAL: 0

          ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 01, 2018                                         Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 27, 2018 at the address(es) listed below:

          Andrew F Gornall    on behalf of Creditor    Lakeview Loan Servicing, LLC agornall@goldbecklaw.com, bkgroup@goldbecklaw.com;bkgroup@kmllawgroup.com  
          James Warmbrodt    on behalf of Creditor    Lakeview Loan Servicing, LLC bkgroup@kmllawgroup.com  
          Joshua I. Goldman    on behalf of Creditor    Lakeview Loan Servicing, LLC bkgroup@kmllawgroup.com  
          Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov  
          Paul W. McElrath, Jr.    on behalf of Debtor Daniel R. Mabon ecf@mcelrathlaw.com, donotemail.ecfbackuponly@gmail.com  
          Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com  
          S. James Wallace    on behalf of Creditor    Peoples TWP, LLC sjw@sjwpgh.com, srk@sjwpgh.com;PNGbankruptcy@peoples-gas.com  
                                                                                                            TOTAL: 7