| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Daniel R. Mabon** | Social Security number or ITIN   **xxx–xx–8526** |
| | First Name   Middle Name   Last Name | EIN   _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN   _ _ _ _ |
| | | EIN   _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court   **WESTERN DISTRICT OF PENNSYLVANIA** | | |
| Case number:   **14–70770–JAD** | | |

# Order of Discharge                                                                                   12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Daniel R. Mabon

<u>1/16/20</u>                                                        **By the court:**   <u>Jeffery A. Deller</u>
                                                                                           United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

- ♦ debts that are domestic support obligations;

- ♦ debts for most student loans;

- ♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for restitution, or a criminal fine, included in a sentence on debtor's criminal conviction;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

```
                          United States Bankruptcy Court
                          Western District of Pennsylvania
In re:                                                              Case No. 14-70770-JAD
Daniel R. Mabon                                                     Chapter 13
         Debtor
                               CERTIFICATE OF NOTICE
District/off: 0315-7          User: aala                  Page 1 of 1                  Date Rcvd: Jan 16, 2020
                              Form ID: 3180W              Total Noticed: 10

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jan 18, 2020.
db             +Daniel R. Mabon,    5665 Route 119 Highway North,    Home, PA 15747-9106
cr             +Indiana Regional Medical Center,    P.O. Box 788,    Indiana, PA 15701-0788
cr             +Peoples TWP, LLC,    Attn: Dawn Lindner,    375 North Shore Drive, Suite 600,
                 Pittsburgh, PA 15212-5866
13958878       +Andrew F. Gornall, Esquire,    KML Law Group, P.C.,    701 Market Street, Suite 5000,
                 Philadelphia, PA 19106-1541
13958879       +Indian Regional Medical Center,    835 Hospital Road,    Indiana, PA 15701-3629
13971674       +Indiana Regional Medical Center,    640 Kolter Drive,    Indiana, PA 15701-3570
13947911       +KML Law Group,    Suite 5000-Mellon Independence Center,    701 Market Street,
                 Philadelphia, PA 19106-1538
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: RVSVCBICNOTICE1@state.pa.us Jan 17 2020 03:16:34      Pennsylvania Dept. of Revenue,
                 Department 280946,    P.O. Box 280946,    ATTN: BANKRUPTCY DIVISION,
                 Harrisburg, PA  17128-0946
13947912        E-mail/Text: camanagement@mtb.com Jan 17 2020 03:15:59      M & T Bank,   1 Fountain Plz,
                 Buffalo, NY 14203
13964288        E-mail/Text: camanagement@mtb.com Jan 17 2020 03:15:59      M&T Bank,   PO Box 1288,
                 Buffalo, NY 14240-1288
                                                                                              TOTAL: 3

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr              Lakeview Loan Servicing, LLC
13958880*      ++M&T BANK,   LEGAL DOCUMENT PROCESSING,   626 COMMERCE DRIVE,    AMHERST NY 14228-2307
                 (address filed with court: M & T Bank,    1 Fountain Plz,   Buffalo, NY 14203)
13947913       ##+Penn Credit Corporatio,    916 S 14th St,   Harrisburg, PA 17104-3425
13958881       ##+Penn Credit Corporation,    916 S 14th St,   Harrisburg, PA 17104-3425
                                                                                TOTALS: 1, * 1, ## 2

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 18, 2020                                  Signature: /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on January 16, 2020 at the address(es) listed below:
              Andrew F Gornall    on behalf of Creditor    Lakeview Loan Servicing, LLC
               andygornall@latouflawfirm.com
              James Warmbrodt    on behalf of Creditor    Lakeview Loan Servicing, LLC bkgroup@kmllawgroup.com
              Joshua I. Goldman    on behalf of Creditor    Lakeview Loan Servicing, LLC bkgroup@kmllawgroup.com
              Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
              Paul W. McElrath, Jr.    on behalf of Debtor Daniel R. Mabon ecf@mcelrathlaw.com,
               donotemail.ecfbackuponly@gmail.com
              Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
              S. James Wallace    on behalf of Creditor    Peoples TWP, LLC sjw@sjwpgh.com,
               srk@sjwpgh.com;PNGbankruptcy@peoples-gas.com
              William M. Buchanan    on behalf of Creditor    Indiana Regional Medical Center
               wmbuchanan@burnswhite.com, will12180@yahoo.com;pgcarter@burnswhite.com
                                                                                              TOTAL: 8
```